CLEVELAND–CLIFFS IRON CO. v. GAMBLE. (Circuit Court of Appeals, Sixth Circuit. December 7, 1915.) No. 2653. In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge. Action at law by Henry Gamble against the Cleveland-Cliffs Iron Company. Judgment for plaintiff, and defendant brings error. Affirmed. See, also, 158 Fed. 49, 85 C. C. A. 379, and 201 Fed. 329, 119 C. C. A. 567. Horace Andrews, of Cleveland, Ohio, and Wm. P. Belden, of Ishpeming, Mich., for plaintiff in error. G. W. Weadock of Saginaw, Mich., for defendant in error. Before WARRINGTON and DENISON, Circuit Judges, and McCALL, District Judge.

PER CURIAM. This case is here for the third time. See 158 Fed. 49, 85 C. C. A. 379; 201 Fed. 329, 119 C. C. A. 567. Any further statement of facts is unnecessary. The plaintiff again recovered a verdict, and the substantial complaint against the recovery is that there is no evidence tending to show any causal relation between the original offer and the later purchase, which causal relation we thought vital to plaintiff's case. 201 Fed. 331, 119 C. C. A. 567. The sufficiency of the examination and estimate by the Cleveland Company to serve as the intervening link, as suggested in our last opinion, is attacked because it is said to have appeared upon the last trial that this examination was made wholly as the result of a later offer, made by Mr. Corliss and after the negotiations resulting from Gamble's offer had been abandoned. It may well be thought that the preponderance of proof is with the Cleveland Company on this issue, but we cannot say there was no evidence to go to the jury. The negotiations induced by Gamble had been suspended until the Manistique Company should put the lands again on the market; if the Manistique Company had done so directly, and the Cleveland Company had purchased, there would be a clear possibility that the negotiations should be considered only as having been interrupted. When the Cleveland Company received the new offer from Mr. Corliss, and examined the lands, it knew they were the same lands which had been offered by Gamble; and hence it must have supposed that the Manistique Company, through Mr. Corliss, was again putting the lands on the market. This leaves some room for the inference that the old negotiations were renewed; and the fact that it turned out that Mr. Corliss had imperfect authority from the Manistique Company is not controlling. We have held that as matter of law the Cleveland-Cliffs Company's agent had authority to agree to pay Gamble a commission if the lands were purchased. The trial judge charged this, but made the authority also cover the agent's agreement to "pay for information" regarding the lands. Under the surrounding facts, the difference between these two things is not vital enough to justify a finding of prejudicial error. The judgment is affirmed.